**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Ronald C. Sauer, | ) | |
| | ) | **ORDER GRANTING PLAINTIFF'S** |
| Plaintiff, | ) | **MOTION IN LIMINE (RECEIPT OF** |
| | ) | **DISABILITY BENEFITS)** |
| vs. | ) | |
| | ) | |
| The Burlington Northern and Santa | ) | Case No. 1:04-cv-93 |
| Fe Railway Company, a Delaware | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

_____

On December 29, 2005, the plaintiff moved this Court for an order in limine excluding any evidence concerning the plaintiff's receipt of disability benefits or the plaintiff's eligibility to retire at age sixty and receive a railroad retirement pension. For the reasons set forth below, the motion in limine is granted.

The plaintiff, Ronald C. Sauer, is 66 years old and has worked for the railroad for more than twenty-five years. This lawsuit involves injuries allegedly sustained by Sauer in May 2002. As a result of the injuries sustained on two separate dates in May 2002 (May 11 and May 17), Sauer alleges that he is no longer able to work as a conductor for the railroad. Because of his work for the railroad for over twenty-five years, Sauer was qualified for and eventually was awarded an occupational disability pension from the United States Railroad Retirement Board which is equivalent to the Social Security System for railroad employees. Sauer is also entitled to receive full retirement benefits once he turned sixty and has thirty years of service with the railroad. The plaintiff seeks to exclude any evidence, comments, or arguments concerning the receipt of disability benefits or his eligibility to retire at age sixty and receive a railroad retirement pension.

The United States Supreme Court has held under the Federal Employer's Liability Act (FELA) that a plaintiff's receipt of a disability pension is inadmissible at trial. Eichel v. New York Cent. R.R. Co., 375 U.S. 253 (1963); Green v. Denver & Rio Grande Western R.R. Co., 59 F.3d 1029 (10th Cir. 1995); Vanskike v. ACF Indus., Inc., 665 F.2d 188 (8th Cir. 1981), cert. denied, 455 U.S. 1000 (1982); Reed v. Philadelphia, Bethlehem & New England RR. Co., 939 F.2d 128 (3d. Cir. 1991); Sheeny v. Southern Pac. Transp. Co., 631 F.2d 649 (9th Cir. 1980); Page v. St. Louis S.W. Rwy. Co., 349 F.2d 820 (5th Cir. 1965); Caughman v. Washington Terminal Co., 345 F.2d 434 (D.C. Cir. 1965); Finley v. National R.R. Passenger Corp., 1 F.Supp.2d 440 (E.D. Pa. 1998).

Prior to the Supreme Court decision in Eichel, some federal courts had allowed evidence concerning the receipt of a disability pension to be admitted where the evidence was offered to show the extent and duration of the plaintiff's injuries or to show the plaintiff's motive for not returning to work. In Eichel, the United States Supreme Court rejected such arguments and held that evidence of receipt of a disability pension is inadmissible. While recognizing that the evidence may have some probative value, the Supreme Court nevertheless concluded that "the likelihood of misuse by the jury clearly outweighs the value of the evidence." 375 U.S. at 255. The Supreme Court further noted how a decision to admit the evidence would emasculate the purpose of the Railroad Retirement Act:

> Moreover, it would violate the spirit of the federal statutes if receipt of disability benefits under the Railroad Retirement Act of 1937 were considered as evidence of malingering by an employee asserting a claim under the [FELA]. We have recently had occasion to be reminded that the evidence of collateral benefits is readily subject to misuse by the jury. It has long been recognized that evidence showing that the defendant is insured creates a substantial likelihood of misuse. **Similarly, we must recognize that the petitioner's receipt of collateral social insurance benefits involves a substantial likelihood of prejudicial impact**.

375 U.S. at 255 (emphasis added) (citations omitted).

Since the decision in Eichel, the majority of federal courts have consistently rejected any attempt to limit its holding. Green v. Denver & Rio Grande Western R.R. Co., 59 F.3d 1029, 1033 (10th Cir. 1995), cert. denied, 516 U.S. 1009 (1995) (Tenth Circuit held that admission of evidence concerning receipt of railroad retirement benefits was reversible error, even though the jury found no liability, because of the concern that "juries will be more likely to find no liability if they know that the plaintiff has received some compensation."); Vanskike v. ACF Indus., Inc., 665 F.2d 188 (8th Cir. 1981) (affirming trial court's exclusion of pension benefits to show motivation to return to work and malingering); Reed v. Philadelphia, Bethlehem & New England R.R. Co., 939 F.2d 128 (3d. Cir. 1991) (reversing and remanding case for new trial when defendant's counsel made comments during closing argument about plaintiffs receipt of pension in response to plaintiff's counsel's improper remarks during his closing argument); Page v. St. Louis S.W. Rwy, Co., 349 F.2d 820 (5th Cir. 1965) (refusing to recognize that evidence concerning disability pension may be admitted with a limiting instruction); Sheeny v. Southern Pac. Transp. Co., 631 F.2d 649 (9th Cir. 1980)(reversing and remanding case for new trial where trial court allowed evidence of pension to show motivation to resume working and malingering); Caughman v. Washington Terminal Co., 345 F.2d 434 (D.C. Cir. 1965); Finley v. National R.R. Passenger Corp., 1 F.Supp. 440 (E.D. Pa. 1998) (granting mistrial when defendant's counsel made reference in opening statements that plaintiff received pension).

The Court grants the plaintiff's motion in limine and excludes from trial any evidence or comments concerning the fact that the plaintiff received disability benefits from the United States Railroad Retirement Board or is eligible to receive a railroad retirement pension. However, the Court would note that if the plaintiff's testimony at trial makes the existence of collateral source

benefits an issue, the defendant will be allowed to cross-examine and introduce evidence needed to contradict or refute such testimony.  The plaintiff is not cloaked with immunity from inquiry on cross-examination if he crosses the line and affirmatively introduces evidence which relates to collateral source benefits.  See Moses v. Union Pacific R.R., 64 F.3d 413 (8th Cir. 1995); Lange v. Missouri Pacific R.Co., 703 F.2d 322 (8th Cir. 1983); Sullivan v. Chesapeake and Ohio Railway Co., 947 F.2d 946 (6th Cir. 1991).  In other words, collateral source benefits may be an appropriate subject of inquiry on cross-examination if the plaintiff's testimony "opens the door."  If the plaintiff creates an issue relating to the disability benefits he receives from the railroad, BNSF will be given latitude to contradict such testimony through cross-examination.

      The Plaintiff's Motion in Limine (Docket No. 14) is granted.

      Dated this 6th day of January, 2006.

                                      Daniel L. Hovland, Chief Judge
                                      United States District Court